# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RONALD JACOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 1:18-cv-00200 |
| | ) | REEVES/LEE |
| THE TRAVERLERS COMPANY, INC., | ) | |
| d/b/a TRAVERLERS INDEMINITY, | ) | |
| d/b/a TRAVERLERS INSURANCE, | ) | |
| ALAN D. SCHNITZER, CEO, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

Ronald Jacoway brings this action against The Travelers Companies, Inc. d/b/a Travelers Indemnity d/b/a Travelers Insurance ("Travelers") and Alan D. Schnitzer alleging a third-party breach of contract claim. Jacoway's allegations arise from a motor vehicle accident that occurred in 2013 involving a vehicle insured by Travelers. Before the court is Defendants' motion to dismiss the claim as to Schnitzer for lack of personal jurisdiction and the claim as to both defendants for failure to state a claim upon which relief may be granted. Because (1) the complaint does not establish a prima facie case for the exercise of personal jurisdiction over Schnitzer, (2) does not plead that Schnitzer bears any obligations under the alleged insurance contract, and (3) does not plausibly indicate that Jacoway is an intended beneficiary of the insurance contract, the motion is granted and this action dismissed.

1

# I. Background

Jacoway is a citizen and resident of Hamilton County, Tennessee. Alan D. Schnitzer is the Chief Executive Officer of Travelers, a Minnesota corporation headquartered in New York City, New York.

On July 23, 2013, Jacoway, was driving eastbound on Shallowford Road, a two-lane road in Chattanooga, Hamilton County, Tennessee. According to Jacoway's account, a vehicle traveling westbound entered his lane, prompting him to "swerve[] off-road to avoid the head-on collision" with the Travelers-insured vehicle. As a result, Jacoway's vehicle struck a rock and a tree on the side of the road, resulting in "bodily injury." Jacoway alleges that the westbound driver's negligence, namely texting while driving and removing both hands from the steering wheel, caused the accident and resultant injuries. Jacoway identifies Charles Hicks as the owner of the other vehicle and the holder of an insurance policy on the vehicle through Travelers.

Jacoway raises a third-party breach of contract claim against Travelers as the insurer of the vehicle. Jacoway avers that, under the insurance contract, Travelers and Schnitzer, as Chief Executive Officer, are liable for damages incurred from the negligent operation of the insured's vehicle. Jacoway alleges that his injuries entitle him to damages in excess of one million dollars. Neither the driver of the insured vehicle nor the insured are parties to this suit.

Schnitzer argues that Jacoway has not pleaded sufficient facts to establish the court's personal jurisdiction over him. Further, Schnitzer contends the complaint fails to state a claim upon which relief can be granted because it raises no allegations against Schnitzer.

Travelers argues that Jacoway has failed to state a claim upon which relief can be granted against it because Jacoway has no right of direct action against Travelers as a third-party beneficiary. Alternatively, Travelers asserts that the complaint actually sounds in tort, not contract, and is barred by Tennessee's one-year statute of limitations on injuries to the person.

## II. Analysis

### A. Personal Jurisdiction

Schnitzer moves the court to dismiss him from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

A district court may dismiss a complaint for lack of personal jurisdiction upon motion of a party. Fed. R. Civ. P. 12(b)(2). In response to such a motion, the plaintiff bears the burden of proving that the court's exercise of personal jurisdiction is proper by a preponderance of the evidence. *Serras v. First Tenn. Bank Nat'l Ass 'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings, but must, "by affidavit or otherwise, set forth the specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Schnitzer avers Jacoway's complaint does not allege specific facts showing the existence of personal jurisdiction and, alternatively, the facts alleged do not support the court's exercise of personal jurisdiction. Jacoway bears the burden of demonstrating that personal jurisdiction exists. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). A district court may decide to rule on the jurisdictional issue upon a full trial record, after an

3

evidentiary hearing, or merely on the basis of a written record. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). This matter has been briefed by the parties and exhibits have been filed. There is no need for an evidentiary hearing in this matter and the motion will be decided on the record.

When a court decides the issue on the basis of the written record alone, plaintiff needs only to make a prima facie case of jurisdiction. To survive a motion to dismiss, plaintiff must "demonstrate facts which support a finding of jurisdiction." *Id.* The burden on plaintiff is relatively slight, and the court considers the pleadings and affidavits in the light most favorable to the plaintiff. Any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (the court does not consider facts proffered by the defendant that conflict with those proffered by the plaintiff); *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (a court disposing of a Rule 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal). Dismissal under Rule 12(b)(2) is proper only if the specific facts alleged by plaintiff, taken as a whole, fail to state a prima facie case for personal jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003). Thus, as long as the plaintiff is able to "demonstrate facts which support a finding of jurisdiction," the motion to dismiss will be denied, even in the face of controverting evidence presented by the moving party. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

Jacoway alleges federal jurisdiction pursuant to 28 U.S.C. 1332, diversity of citizenship. In diversity cases, federal courts apply the substantive law of the forum state to determine whether personal jurisdiction exists over a defendant, subject to constitutional limitations. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). The court must determine that a defendant comes within the boundaries of the state's long-arm statute as well as the requirements of constitutional due process. *Id.* Tennessee maintains two long-arm statutes governing Tennessee's jurisdictional reach. Tenn. Code Ann. 20-2-214(a)(6), 225. However, both long-arm statutes "derive their scope from the Tennessee and Federal Constitutions," which are co-extensive regarding due process protections. *State v. NV Sumatra Tobacco Trading Co.*, 403 S.W.3d 726, 741 (Tenn. 2013). Consequently, the reach of personal jurisdiction extends to the bounds set by the Due Process Clause of the Fourteenth Amendment. *Id.* Where a state long-arm statute extends to the limits of constitutional due process, the court need only determine whether exercising personal jurisdiction over the defendant would violate constitutional due process. *Artistech*, 138 F.3d at 627.

In order for a non-resident defendant to be subject to the jurisdiction of a court, the defendant must have "certain minimum contacts. such that the maintenance of a suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant's minimum contacts with the forum state may create two types of personal jurisdiction, general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014).

5

### 1. General Jurisdiction

General jurisdiction over a defendant exists where the defendant's contacts with the forum state are "continuous and systematic," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), such that a defendant should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). When the defendant is an individual, the paradigmatic forum for the exercise of general jurisdiction is the defendant's domicile. *Goodyear*, 564 U.S. at 924 (2011).

Here, the complaint alleges that Schnitzer is a citizen and resident of New York. Jacoway has not asserted any facts supporting the existence of general jurisdiction in the Eastern District of Tennessee. Therefore, the court will analyze whether specific jurisdiction exists over Schnitzer in this court.

### 2. Specific Jurisdiction

Specific jurisdiction allows a defendant to be sued in the forum state only where the issues of the suit derive from or are connected to the contacts that establish jurisdiction. *Goodyear*, 564 U.S. at 919. The existence of specific jurisdiction is determined by looking at the relationship among the defendant, the forum, and the litigation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). For a court to exercise specific jurisdiction that is consistent with constitutional due process, the defendant's "suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

The Sixth Circuit has established a three-part test to determine whether the court may exercise specific jurisdiction over a particular defendant. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable. *Southern Machine Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

### a) Purposeful Availment

The purposeful availment requirement is considered the most important requirement. *Id.* The defendant must have purposefully availed himself of the "privilege of acting in the forum state or causing a consequence in the forum state." *Id.* Requiring that the defendant take purposeful steps in the forum state ensures that a defendant's "random, fortuitous, or attenuated" contacts with the forum state will not subject it to being haled into court there. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). Additionally, the defendant's relationship with the forum state must arise out of the contacts that the defendant created with the forum state. *Id.* The unilateral activity of the plaintiff or a third party cannot be the basis of exercising personal jurisdiction over the defendant. *Id.* Although not decisive, the plaintiff or third-party's contacts with the forum state may be significant or important to the due process analysis because the defendant's contacts with the forum state may be intertwined with the transactions with the plaintiff or third-party. *Walden*, 571 U.S. at 285-86.

Here, under a liberal construction of the complaint, Jacoway alleges that Schnitzer is subject to personal jurisdiction in Tennessee because he is Chief Executive Officer of Travelers, a multistate insurance company. Jacoway does not allege that Schnitzer was involved in either the motor vehicle accident from which this claim is derived or the formation of any insurance contract upon which this claim is founded.

Even viewing the facts in the light most favorable to Jacoway, he has not shown that Schnitzer engaged in any purposeful contact with the state of Tennessee, but merely serves at the helm of Travelers, the insurer of the vehicle driven by the offending driver. Such a connection, absent any active participation with Tennessee, is merely random, fortuitous, or attenuated, foreclosing the constitutional exercise of specific jurisdiction. The court finds that, even under a liberal construction, the complaint does not satisfy the purposeful availment test.

### b) Arising From

The second criterion under *Southern Machine* asks whether the plaintiff's claims "arise from" the defendant's contacts with Tennessee. *Southern Machine*, 401 F.2d at 381. The Sixth Circuit has observed that the "arising from" prong is met when the operative facts arise from the defendant's contacts with the state. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). Here, because Schnitzer has not engaged in any activities in Tennessee nor has contacts with the State of Tennessee that relate to the claims presented, an exercise of specific personal jurisdiction over him would be inappropriate. *See Burger King*, 471 U.S. at 475 (emphasizing that personal jurisdiction must be based on "actions by the defendant himself that create a substantial connection with the forum").

### c) Reasonableness

The third prong of the Southern Machine test requires that the exercise of personal jurisdiction over the defendant in the forum state must be reasonable. *Southern Machine*, 401 F.2d at 381. This requires the court to consider whether the exercise of personal jurisdiction over defendant comports with "fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 320. Relevant factors include the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief. *Asahi Metal Indus. Co. v. Superior Court of Ca1ifornia*, 480 U.S. 102, 113 (1987).

Here, Jacoway has not alleged any connection between Schnitzer and Tennessee, indicating that the exercise of jurisdiction would burden the defendant. Likewise, neither the interests of the forum state nor the plaintiff's interest in obtaining relief would be reasonably advanced by the exercise of jurisdiction over Schnitzer.

In sum, giving Jacoway the benefit of the most liberal construction, Schnitzer has not purposely availed himself of acting in the state of Tennessee, the claim does not arise from Schnitzer's contacts with Tennessee, and the exercise of specific jurisdiction would be unreasonable. The court concludes that Jacoway has failed to establish a *prima facie* case for personal jurisdiction, either general or specific, over Schnitzer. Accordingly, the motion to dismiss for lack of personal jurisdiction over Schnitzer is granted.

**B.**  **Failure to State a Claim**

Additionally, Schnitzer and Travelers each move for dismissal for failure to state a claim upon which relief can be granted.

When considering a motion to dismiss under Rule 12(b)(6), a court must accept the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), but the court need not accept naked assertions, such as "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Indeed, "[the] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988).

Further, a *pro se* plaintiff is "held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, a court's "lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and leniency does not compel the court to "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Consequently, reciting the elements of a cause of action or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice and the claim must be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. Schnitzer

Tennessee law presumes that contracts benefit the contractual parties and not third-parties. *Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001). For a viable third-party breach of contract claim, the plaintiff must show a valid contract between the principal parties and clear intent that the contract operate for the third-party's benefit. *Id.* at 68-69.

Here, Jacoway alleges that Travelers and Hicks are the principal parties to an insurance contract, of which Jacoway is the third-party beneficiary. However, even presuming a valid insurance contract, Jacoway does not allege that Schnitzer is a party to the contract or a successor or holder of either principal parties' obligations. Further, Jacoway does not allege that Schnitzer was involved in the underlying accident, played a role in the insurance contract's formation, or personally breached the contract.

Consequently, under the most liberal construction of the complaint, the court concludes that Jacoway has not stated a plausible claim against Schnitzer. Accordingly, the motion to dismiss for failure to state a claim against Schnitzer is granted.

### 2. Travelers

Travelers moves for dismissal on two grounds: First, Travelers asserts that Jacoway has not stated a viable third-party breach of contract claim under Tennessee law. Second, Travelers asserts that the action actually raises a tort claim, which is time-barred by the applicable statute of limitations.

### a) Third-Party Breach of Contract

Because "Tennessee is not a 'direct action' state," a plaintiff cannot "sue the liability insurance carrier of the defendant who allegedly caused harm." *Seymour v. Sierra*, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002). Additionally, "[t]he rights of any third-party to the insurance contract are derivative rights and can rise to no greater dignity than the rights of the insured under the contract." *Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 55 (Tenn. Ct. App. 2006). Tennessee "recognizes two categories of third-party beneficiaries, intended and incidental," and only "an intended beneficiary may . . . maintain an action to enforce the contract." *Ferguson*, 218 S.W.3d at 56. Accordingly, a plaintiff "claiming to be a third-party beneficiary to an insurance contract who has never been granted a judgment against the insured, is at most an 'incidental beneficiary' of the insurance contract and cannot maintain an action against the insurance company." *Id.*

Here, Jacoway's claim, construed liberally, is that he is the third-party beneficiary to the alleged insurance contract between Travelers and Hicks. To maintain this claim, Jacoway must be an intended beneficiary of the insurance contract, which hinges on whether Jacoway has a prior judgment against the insured, Hicks. *See Ferguson*, 218 S.W.3d at 56. However, Jacoway has not alleged any facts indicating the presence of a judgment against Hicks or a driver of the vehicle covered by the policy.

Under a liberal construction of Jacoway's pleadings, it is remotely conceivable that Jacoway is an intended third-party beneficiary of the Travelers insurance policy. But Jacoway has not alleged any judgment against the insured, which is an essential fact to a facially plausible third party claim under the insurance contract. As such, even affording

the complaint a lenient, liberal construction, the allegations do not nudge the claim across the line from conceivable to plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Iqbal*, 556 U.S. at 680. Here, the complaint does not plausibly plead that Jacoway has any rights as a third-party beneficiary of the Travelers insurance policy.

### b) Statute of Limitations

In Tennessee, plaintiffs must bring actions on contracts within six years of the accrual of the cause of action. Tenn. Code Ann. 28-3-109(a)(3). At the earliest, this cause of action accrued on July 23, 2013 and this action, filed on August 28, 2018, is within the six-year limitation. However, Travelers has asserted that the claim is actually a personal injury claim and barred by Tennessee's one-year statute of limitations for injuries to the person under Tennessee Code Annotated 28-3-104.

The court determines the applicable statute of limitations "according to the gravamen of the complaint," *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003), which is identified by the "basis for which the damages are sought." *Mike v. PO Grp., Inc.*, 937 S.W.2d 790, 793 (Tenn. 1996).

The bulk of the facts and allegations in the complaint dwell on the underlying accident and the list of damages includes "pain and suffering, loss of enjoyment of life, [and] loss of earning capacity," tort damages generally unavailable to breach of contract plaintiffs. *See Johnson v. Women's Hosp.*, 527 S.W.2d 133, 141 (Tenn. Ct. App. 1975). Nevertheless, a liberal construction of the pleadings points to an averment that the injuries alleged merely triggered Traveler's contractual obligation to cover the insured's liabilities

and the individuals involved in the accident are not party to this suit. The balance places the gravamen on the side of a third-party contractual claim under the insurance policy.

Regardless, the result of either characterization is dismissal. If the gravamen lies in tort, the claim is time-barred, as the claim would have accrued five years prior to the filing of this complaint. *See* Tenn. Code Ann. 28-3-104. If the gravamen lies in contract, Jacoway has not plausibly pleaded the claim, as previously discussed.

In sum, through the lens of a third-party breach of contract claim, the complaint has not plausibly pleaded facts sufficient to support any right as an intended third-party beneficiary to bring an action under the insurance policy. Accordingly, the motion to dismiss for failure to state a claim against Travelers is granted.

### III. Conclusion

In light of the foregoing discussion, Defendants' motion to dismiss [R. 9] is **GRANTED**, and this action is **DISMISSED**.

_____
**UNITED STATES DISTRICT JUDGE**